UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.: 8:18-cr-246-WFJ-SPF

FRANCISCO ANTONIO
DOMINGUEZ VACA
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Francisco Antonio Dominguez Vaca, USM#: 70565-018, moves, *pro se*, (Dkt. 98) for a reduction in sentence.  Mr. Dominguez Vaca also requests that the BOP recalculate his sentence based on good conduct (Dkts. 105, 106), which the United States opposes (Dkt. 109).  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 22, 2019, Francisco Antonio Dominguez Vaca was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received a 108-month term in prison. Mr. Dominguez Vaca's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Dominguez Vaca's advisory sentencing range was 135-168 months, and he

received a bottom-of-the-guidelines sentence based on a significant downward variance. The Court varied downward in view of the Defendant's poverty and need for job training. Dkt. 66. The sentence imposed was also below the mandatory minimum, which did not apply based on the statutory safety valve. The Bureau of Prisons online inmate locator shows a release date from BOP custody as of January 17, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Dominguez Vaca's term of imprisonment to below the minimum of the amended guideline range of 108-135 months in prison.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 111. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Francisco Antonio Dominguez Vaca because he "was sentenced to the lowest

permissible sentence." *Id.* This Court provided 21 days for any *pro se* filing, but nothing has been filed. Dkt. 112.

The Court already granted a significant downward variance. The downward variance was based on the significant poverty Defendant experienced in Ecuador and the need to provide Defendant with needed vocational training. Yet the Court found that a general aggravating factor was the large quantity of cocaine.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 108-month sentence. This case involved a smuggling venture aboard a go-fast vessel interdicted almost 500 miles southwest of Huatulco, Mexico, in international waters and loaded with a great amount (51 bales weighing 1,205 kilograms) of cocaine. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Ecuador and will most likely be deported upon release.

Mr. Dominguez Vaca's *pro se* motion (Dkt. 98) for a reduction in sentence under Amendment 821 is **DENIED**. His motions requesting good-conduct credit recalculation (Dkts. 105, 106) are **DISMISSED**. This Court lacks jurisdiction to

4

consider these requests because Mr. Dominguez Vaca is currently incarcerated at Thompson FCI in Thomson, Illinois.  *See* https://www.bop.gov/inmateloc/ Reg. No. 70565-018 (last accessed May 16, 2025).  Any such relief involving a recalculation by the BOP will need to be addressed by Defendant filing a petition under 28 U.S.C. § 2241 in the venue of his institution.

    **DONE AND ORDERED** at Tampa, Florida on May 19, 2025.

                                                           **WILLIAM F. JUNG**
                                                           **UNITED STATES DISTRICT JUDGE**